# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WENDY MANSDOERFER,**

        **Plaintiff,**

**-vs-**                                                                       **Case No. 6:06-cv-1523-Orl-31KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY FEES PURSUANT TO EAJA (Doc. No. 20)** |
| **FILED:** | **December 17, 2007** |

    The plaintiff, Wendy Mansdoerfer, seeks an award of attorney's fees, costs and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on September 17, 2007. An award of fees, costs and expenses is, therefore, ripe for consideration. The defendant, the Commissioner of Social Security, has not responded to the motion as of the writing of this order, and the time for doing so has passed. Therefore, I consider the motion to be unopposed.

    Mansdoerfer's attorney seeks $4,581.48 in attorney's fees for 27.7 hours of work. The hourly rate sought is $162.57 for work performed in 2006 and $165.93 for work performed in

2007. The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that attorney's fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Movant has provided an analysis based on the Consumer Price Index (CPI) that supports the requested hourly rates. Accordingly, I find that these rates are reasonable without objection.

After review of the attorney's time sheets, I find that there was a mathematical error in calculating the hours worked in 2007. According to my calculations, counsel worked a total of 22.4 hours, not 23.3 hours. I find the total hours worked of 26.8 were reasonable. Taking into account the mathematical error, I recommend that Mansdoerfer be awarded $4,432.13 in attorney's fees in the absence of objection.[1]

Mansdoerfer's motion also seeks reimbursement for $350.00 in costs for payment of the filing fee and $14.64 in expenses for postage. I find these amounts to have been reasonably incurred and compensable in the absence of objection.

---

[1] The fees were calculated as follows:  ($162.57 x 4.4) + ($165.93 x 22.4).

Accordingly, I respectfully recommend that the Court **GRANT** in part the Motion for Award of Attorney Fees Pursuant to the Equal Access of Justice Act, 28 U.S.C. § 2412 (d), doc. no. 20, and award Mansoderfer's counsel[2] $4,432.12 in attorney's fees, $350.00 in costs, and $14.64 in expenses.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 23, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] Mandoerfer filed with her motion a form assigning to her attorney Mandoerfer's interest in any attorneys' fees awarded pursuant to EAJA.